# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**LEONARD A. SILLS**
**ADC #138335**                                                                                          **PLAINTIFF**

V.                              CASE NO. 2:08CV00198 SWW/BD

**WENDY KELLEY,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Plaintiff Leonard A. Sills filed this 42 U.S.C. § 1983 action (docket entry #1), along with a Motion for Leave to Proceed *in forma pauperis* (#2), in the Western District of Arkansas. The Western District transferred Plaintiff's case to this Court (#3, #4). On December 8, 2008, this Court denied Plaintiff's motion for leave to proceed *in forma pauperis* (#2) and ordered him to file an amended complaint and a current motion for leave to proceed *in forma pauperis* (#5). Plaintiff did neither and his case was dismissed under Local Rule 5.5(c)(2), without prejudice.

On March 30, 2009, Plaintiff moved to reopen his case (#16), and the District Court granted his motion (#17). Plaintiff still has not filed a current motion for leave to proceed *in forma pauperis* or an amended complaint. As it stands, Plaintiff's Complaint (#1) fails to state a claim for relief.

Plaintiff filed this action alleging that his Eighth Amendment rights were violated by deliberate indifference to his serious medical needs. Specifically, Plaintiff alleges that he was denied medication prescribed to him prior to his incarceration. Plaintiff does not allege any injury resulting from the alleged denial of medication.

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. *Jenson v. Clark*, 94 F.3d 1191 (8th Cir. 1996). Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Inmates must demonstrate (1) that they suffered objectively serious medical needs, and (2) that the prison officials actually knew of but deliberately disregarded those needs. *Id.* A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* at 778.

"The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). As long as this threshold is not crossed, inmates

have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. *Id.*

Plaintiff's Complaint alleges what amounts to a disagreement with treatment decisions and a claim based on Defendants' failure to prescribe and provide a particular medication. Although Plaintiff states that his life is in danger, he does not allege injury or describe an excessive risk to his health. If Plaintiff wishes to proceed with this action, he must file an amended complaint describing the injury he sustained or describe the particular risk to his health. He must file the amended complaint within thirty (30) days of the entry of this Order.

In addition, Plaintiff must file a current motion for leave to proceed *in forma pauperis* within thirty (30) days of the entry of this Order. The Clerk is directed to provide an *in forma pauperis* application to the Plaintiff, along with a copy of this order.

Plaintiff is cautioned that failure to fully comply with this Order may result in dismissal of this action.

IT IS SO ORDERED this 7th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE