IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LEONARD A. SILLS
ADC #138335                                                                                    PLAINTIFF

V.                    CASE NO. 2:08CV00198 SWW/BD

WENDY KELLEY, *et al.*                                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background**

Plaintiff Leonard A. Sills filed this 42 U.S.C. § 1983 action (docket entry #1), along with a Motion for Leave to Proceed *in forma pauperis* (#2), in the Western District of Arkansas. The Western District transferred Plaintiff's case to this Court (#3, #4).

On December 8, 2008, this Court denied Plaintiff's Motion for Leave to Proceed *in forma pauperis* because Plaintiff was no longer incarcerated in the Arkansas Department of Correction ("ADC") and the pending motion did not reflect Plaintiff's post-release financial status. Plaintiff was ordered to file a current motion to proceed *in forma pauperis* within thirty days of the entry of the Court's Order (#5).

In addition, the Court noted that Plaintiff's Complaint (#1) failed to allege an injury, as required to state a claim for deliberate indifference to a serious medical needs, and ordered Plaintiff to file an amended complaint which included allegations of his injury. Plaintiff was required to file the amended complaint within thirty days of the entry of the Court's Order (#5). The Plaintiff was warned that failure to fully comply with the Order could result in dismissal of his action under Local Rule 5.5(c)(2) of the Eastern District of Arkansas and the Federal Rules of Civil Procedure.

Plaintiff failed to respond to the Court's Order and this action was dismissed without prejudice (#8, #11, #12). On March 30, 2009, Plaintiff moved to reopen this case, and his motion was granted ((#16, #17). Plaintiff received the notice of dismissal of his case in February (#16), yet he still had not filed a motion for leave to proceed *in forma pauperis* or an amended complaint as ordered (#5). Plaintiff eventually filed a motion for

2

leave to proceed *in forma pauperis* (#24), which this Court granted (#25). This Court then granted Plaintiff's motion to stay (#21), in which he alleged he could not provide information necessary to amend his complaint until he was paroled in July. Plaintiff has now filed an amended complaint (#30), even though he was not paroled. Plaintiff's Complaint (#1) and Amended Complaint (#30) fail to state a claim for relief and should be dismissed with prejudice.

### III.     Screening

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

IV.     <u>Analysis</u>

Plaintiff filed this action alleging that his Eighth Amendment rights were violated by deliberate indifference to his serious medical needs. Specifically, Plaintiff alleges that he was denied medication prescribed to him prior to his incarceration. Plaintiff does not allege any injury resulting from the denial of medication, although he does state the potential for injury to himself and others if he is not given the medication (#30).

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. *Jenson v. Clark*, 94 F.3d 1191 (8th Cir. 1996). Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Inmates must demonstrate (1) that they suffered objectively serious medical needs, and (2) that the prison officials actually knew of, but deliberately disregarded, those needs. *Id.* A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* at 778.

To show deliberate indifference, "[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does

not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. *Id.*

Plaintiff's Complaint (#1) and Amended Complaint (#30) allege what amounts to a disagreement with treatment decisions and a failure to prescribe and provide a particular medication. Although this Court is sympathetic to Plaintiff's alleged serious mental condition, settled law is clear. Disagreement with treatment decisions does not rise to the level of a constitutional violation. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (quoting *Estate of Rosenberg*, 56 F.3d at 37).

Plaintiff has no constitutional right to receive a particular or requested course of treatment. *Long*, 86 F.3d at 765. If the Defendants in this case filed a motion for summary judgment with an affidavit from Dr. Edwards admitting exactly what Plaintiff alleges, they would be entitled to judgment as a matter of law.

Plaintiff's Complaint (#1) states that Dr. Edwards determined that Plaintiff did not need the medications prescribed by "free world" psychiatrists. Although unnecessary to the disposition of this matter, attachments to Plaintiff's Complaint establish that another

unnamed psychiatrist also determined that Plaintiff did not need the medications he requests (#1, p. 6). Even though "free world" psychiatrists prescribed the medication Plaintiff now seeks, such a disagreement in treatment does not establish a constitutional violation. See *Noll v. Petrovky*, 828 F.2d 461, 462 (8th Cir. 1987), *cert. denied*, 484 U.S. 1014, 108 S.Ct. 718 (1988) (stating that disagreement between physicians regarding treatment "raises question of medical judgment; it does not show deliberate indifference"). Defendants "do not violate the Eighth Amendment when in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Vaughn v. Gray*, 557 F.3d 904, 909 (8th Cir. 2009) (quoting *Long*, 86 F.3d at 765). Accordingly, Plaintiff's Complaint (#1) and Amended Complaint (#30) should be dismissed with prejudice.

## V.     Conclusion

The Court recommends that Plaintiff's Complaint (#1) and Amended Complaint (#30) be DISMISSED WITH PREJUDICE. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 20th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE